RIVERA, DEMANDANTE Y APELANTE, *v.* RIBAS ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre indemnización de daños y perjuicios. Moción sobre desestimación de apelación.

No. 2459.—Resuelto en enero 15, 1923.

DESESTIMACIÓN DE APELACIÓN—NOTIFICACIÓN DE APELACIÓN.—No procede desestimar una apelación bajo el fundamento de que el escrito de apelación fué notificado al abogado que compareció a juicio en representación del abogado de récord de los demandados pero no a éste, cuando aparece de la transcripción que aquél compareció a juicio en representación de los demandados y que como tal suscribió una estipulación en la cual aparece también la firma del abogado que suscribió la contestación.

ID.—TRANSCRIPCIÓN AUTÉNTICA.—Habiendo sido elevada a la Corte Suprema por el secretario de la corte inferior una copia certificada de la transcripción aprobada por el juez y certificada como correcta por los abogados de las partes, la autenticidad del documento es clara por lo que no procede desestimar el recurso bajo el fundamento de que no se elevó como parte del *transcript* el original de la transcripción de la evidencia.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Tormes.*

Abogados de los apelados: *Sres. José* y *Manuel Tous Soto.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Después de celebrada la primera vista de esta apelación, la parte apelada solicitó la desestimación del recurso por los siguientes motivos:

"(*a*) Porque la apelación fué notificada al abogado señor Ortiz Toro (folio 10) quien asistió a la vista del caso, en sustitución del señor Tous Soto, pero no al abogado de record de los demandados o sea el que compareció por éstos a contestar la demanda;

"(*b*) Porque la copia de la transcripción de la evidencia fué notificada al referido abogado señor Ortiz Toro, y no al abogado de record José Tous Soto, (folio 60);

"(*c*) Porque no se ha traído como parte del *transcript* de apelación la transcripción de la evidencia *original*, aprobada por el juez sentenciador bajo su firma, sino una copia de la misma."

La petición es realmente tardía, pero entrando en el examen de las cuestiones levantadas opinamos que no hay motivo para desestimar el recurso. En la página 10 de la transcripción aparece lo que sigue: "El día 16 de marzo de 1921 se llamó este caso para juicio, compareciendo * * * y los demandados por el suyo Sr. A. Ortiz Toro." Y en la 70 consta un convenio que comienza así: "Las partes en este caso comparecen por sus respectivos abogados y convienen." y termina con las firmas, entre otras, de "José Tous Soto, y Arturo Ortiz Toro; Abgs. de los demandados." No consta que Ortiz Toro cesara en su representación. Siendo ello así,

el escrito de apelación y la transcripción de la evidencia pudieron serle válidamente notificados.

Al pié de la transcripción aparece lo que sigue:

"*Aprobación del pliego de excepciones y exposición del caso, por el Hon. Juez de Distrito.*—Yo, R. Rivera Zayas, Juez que fuí de la Corte de Distrito del Distrito Judicial de Ponce, P. R., *certifico:* que fuí el Juez que entendí en la vista del presente caso, y dicté la sentencia apelada: que la precedente transcripción es una copia fiel y exacta, y por la presente la apruebo para que forme parte del legajo de la sentencia a los efectos de la apelación establecida contra la misma para ante la Hon. Corte Suprema de P. R.

"Dada bajo mi firma y con el sello de la corte, en abril 21 de 1921.—(Firmado) R. Rivera Zayas, Juez del Distrito.

"*Convenio.*—Hon. Corte: las partes en este caso comparecen por sus respectivos abogados y convienen:

"Que se apruebe como correcto y verdadero el record taquigráfico presentado por el taquígrafo de esta corte (exposición del caso) a los efectos de la apelación de la sentencia establecida por la parte demandante en este caso, y que el mismo se someta para tal aprobación al Hon. Rafael R. Rivera Zayas, Juez que entendió en este asunto, sin que tengan las partes que hacer corrección o enmienda a dicha exposición del caso.—Ponce, abril 16 de 1921. (f) José Tous Soto, y Arturo Ortiz Toro:—Abgs. de los demandados: (f) Leopoldo Tormes, Abg. de la demandante.

"*Certificación de los abogados de las partes de la transcripción de los autos.*—Certificamos: que lo anteriormente transcrito, es copia fiel, exacta y correcta de las diligencias practicadas en el presente caso, cuya transcripción de autos, consta de _____ hojas de papel útiles escritas en maquinilla por un solo lado. Y para remitir a la Hon. Corte Suprema de Puerto Rico, para los efectos de la apelación interpuesta por los demandantes contra la sentencia dictada por la Corte de Distrito de Ponce por la que se desestimó la demanda en este caso, libramos la presente en Ponce, P. R., a 25 de abril de 1921.—(Fdo.) José Tous Soto, Arturo Ortiz Toro, Abogados de los demandados-apelados.—(fdo.) Leopoldo Tormes, abogado de los demandantes-apelantes.

"Recibimos copia de esta transcripción de autos debidamente certificada por el abogado de los demandantes-apelantes, hoy día 25 de abril de 1921.—(fdo. José Tous Soto, Arturo Ortiz Toro, Abgs. de los demandados-apelados.

"Felipe Colón, Secretario de la Corte de Distrito del Distrito Judicial de Ponce, P. R., *Certifica:* Que la precedente transcripción me ha sido entregada por los abogados de ambas partes, a los efectos de elevarla a la Hon. Corte Suprema, de acuerdo con la ley. Lo que autorizo con mi firma y el sello de la corte, en Ponce, P. R. a 25 de abril de 1921.—(fdo.) Felipe Colón, Secretario Corte Distrito."

La ley actualmente en vigor ordena que la transcripción aprobada por el juez sea la elevada a esta Corte Suprema. Aquí el juez aprobó la transcripción. Se obtuvo una copia del documento aprobado que fué certificada como correcta por los mismos abogados y esa copia, así certificada, fué entregada al secretario de la corte de distrito y éste oficialmente la remitió a la Corte Suprema.

La autenticidad del documento que es lo verdaderamente esencial, resulta clara. No procede la desestimación del recurso.

*Sin lugar la desestimación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.